# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY COLMENERO,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>Defendant. | Case No. 1:16-cv-00649- SMS<br><br>AMENDED ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Due to an administrative error, the Court reissues this order, which was originally issued on May 25, 2016. Doc. 5. Plaintiff will be provided with a new date on which to file, if he chooses, an amended complaint with the Court.

Plaintiff Ricky Colmenero, proceeding *pro se*, seeks review of a decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under the Social Security Act (42 U.S.C. § 301 *et seq.*). The court has reviewed the complaint and applicable law, and for the reason that follows, the complaint will be dismissed. Plaintiff is granted leave, however, to file an amended complaint to remedy the deficiency discussed below.

I.   DISCUSSION

A. *Plaintiff's Complaint*

Plaintiff challenges the denial of his application for disability insurance which he alleges

1

was not supported by substantial evidence. His entire statement of claim reads as follows: "I had filed a disability claim in 2012 and was denied in 2015. The bases [*sic*] of this decision was not substantial to the evidence provided. I have documentation of tumors, radiation treatment and chemo. Also doctor letters from both oncoligists [*sic*] with statements of fighting cancer." Doc. 1, p. 5. As relief, Plaintiff seeks compensation for time which he could not work "due to the effects of cancer and treatments." Doc. 1, pg. 6.

B.  *Federal Rule of Civil Procedure 8(a)(1)*

Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, a complaint must first set forth a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Judicial review of a decision of the Commissioner is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42  U.S.C. §§ 405(g) and (h) (emphasis added). Section 405(g) operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner— namely sixty days. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) ("the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations"); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987) ("The 60–day period is not jurisdictional, but instead constitutes a statute of limitations."). And because the time limit under section 405(g) is a condition on the waiver of

sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; *see, e.g.*, *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day).

A "final decision" under 42 U.S.C. § 405(g) is reached only after a lengthy process whereby a plaintiff must exhaust his administrative remedies:

> [A] disappointed claimant is afforded a three-stage administrative review process beginning with *de novo* reconsideration by the State of the initial determination. If a claimant is dissatisfied with the state agency's decision on reconsideration, he is entitled to a hearing by an administrative law judge (ALJ) within SSA's Office of Hearings and Appeals.
>
> If the ALJ's decision is adverse to the claimant, the claimant may then seek review by the Appeals Council. Proceeding through these three stages exhausts the claimant's administrative remedies. Following the determination at each stage, a disappointed claimant is notified that he must proceed to the next stage within 60 days of notice of the action taken or the decision will be considered binding.

*Bowen*, 476 U.S. at 471-472. And "[t]hereafter, he may seek judicial review in federal district court, pursuant to 42 U.S.C. § 405(g)." *Id.* at 472. If a plaintiff does not correctly follow the procedure with respect to appealing the ALJ's decision, the Court is unable to consider his challenge. *Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases").

In his complaint, Plaintiff does not explain how he has exhausted the Social Security process. While he states the application was filed in 2012 and denied in 2015, it is unknown whether Plaintiff went through the appeals process, which required proceeding through a number of stages before obtaining a final decision from the Appeals Council. Consequently, it is unknown when the Appeals Council's decision became final. Without such information, the Court cannot determine whether Plaintiff's complaint was timely filed, such that it may exercise judicial review.

Plaintiff is thus advised that if he files an amended complaint, sufficient information must be supplied so that the Court can determine whether it has jurisdiction of the action; otherwise, the action may be dismissed for lack of subject matter jurisdiction.

    C.  *Equitable Tolling*

In *rare* cases, the sixty day statute of limitations can be excused. Section 405(g) has been construed to permit extensions of time only by the Commissioner pursuant to Title 20 of the Code of Federal Regulations sections 404.911[1] and 416.1411,[2] or by a court applying traditional equitable tolling principles in cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (internal quotations omitted). For example, the Supreme Court concluded in *Bowen* that equitable tolling applied where the SSA's internal policy prevented claimants from knowing that a violation of their rights had occurred. *Id.* at 481. And in *Vernon v. Heckler*, the Supreme Court reversed and remanded to give the claimant "the opportunity to delineate further a factual basis for estoppel or equitable tolling" based on facts that an SSA employee alleged said, "Don't worry; they'll give you an extension." *Vernon v. Heckler*, 811 F.2d 1274, 1275, 1278 (9th Cir. 1987). There are, of course, cases to the contrary. In *Turner v. Bowen*, for example, the Eighth Circuit found "no basis for tolling the statute of limitations because [the plaintiff] had not proved to be a person unusually disadvantaged in protecting his own interests" despite being illiterate and represented by a state representative (who was not an attorney) at the ALJ hearing. *Turner v. Bowen*, 862 F.2d 708, 709 (8th Cir. 1988).

Plaintiff is therefore also advised that if he did not file this complaint within the sixty day period after receiving an adverse decision from the Appeals Council, he would need to articulate

---

[1] Section 404.911 relate to the provisions of Title II of the Social Security Act concerning old-age, survivors, and DIB.

[2] Section 416.1411 relate to the provisions of Title XVI of the Social Security Act concerning supplemental security income ("SSI") for the aged, blind and disabled. Plaintiff does not appear to seek review of a denial of SSI by the Commissioner.

facts similar to those outlined in the cases above in order to establish this Court's jurisdiction.

## II.     LEAVE TO AMEND

The Court will provide Plaintiff an opportunity to amend the complaint to address the issue identified above. If Plaintiff chooses to file an amended complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." As a general rule, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

## III.     CONCLUSION

For the reasons set forth above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if he believes his claims are cognizable. Any amended complaint shall be filed no later than **October 17, 2016**. *Plaintiff is advised that failure to file an amended complaint by the date specified will result in dismissal of this action.*

IT IS SO ORDERED.

  Dated:   **September 1, 2016**          **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE