UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY COLMENERO,<br><br>                Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | **1:16-cv-649-GSA**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 8) |

**I.      INTRODUCTION**

Pro se plaintiff, Ricky Colmenero ("Plaintiff"), filed a Social Security complaint (the "complaint") on May, 10, 2016.  (Doc. 1).  In the complaint, Plaintiff challenged a denial of his Social Security benefits.  The Court reviewed the complaint and on May 25, 2016 and on September 1, 2016, dismissed Plaintiff's complaint with leave to amend. (Docs. 5 and 8).  Plaintiff filed a First Amended Complaint ("FAC") on October 14, 2016 in compliance with the Court's September 1, 2016 order. (Doc. 8).

As discussed below, the FAC will be dismissed with leave to amend because it fails to state a claim, and because it appears that jurisdiction is not proper.  Although Plaintiff filed an appeal with the Appeals Council, it appears that Plaintiff did not file his complaint in this Court within sixty days of the receiving Appeals Council decision as required.  Failure to timely file an appeal results in divesting this Court's jurisdiction to hear this case.  Notwithstanding this lack of

1 | jurisdiction, Plaintiff will be granted leave to file a Second Amended Complaint to possibly
2 | establish that jurisdiction is proper, as well as to cure the deficiencies outlined in this order.

## II.     DISCUSSION

### A. Screening Standard

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 678.

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

### B. Plaintiff's Allegations

Plaintiff filed a sixty-six (66) page FAC consisting of a six-page pleading form, as well as

sixty pages of exhibits. In relevant part, the narrative of his pleading states as follows:

> I am filing an amended complaint to remedy the deficiencies from [the] previous one filed. Since diagnosed with Non-Hodgkin's Lymphoma in 8/12 I have experienced a great drop in my ability to perform work … due to great fatigue, dizziness, chest pain, breathing difficulties, blurry vision just to name a few. I have been trying to receive disability benefits due to not being able to continue working but have been denied. I have appealed. I am showing proof of this history with exhibit A. Exhibit B shows proof of my disabilities.
> (Doc. 8, pg. 5).

Attached to the FAC is Administrative Law Judge Cynthia Floyd's adverse Decision dated April 28, 2015[1] (Doc. 8, pgs. 17-33), and two Appeals Council decisions denying Plaintiff's appeal dated December 3 and 15, 2015, respectively. (Doc. 8, pgs. 7-16). Plaintiff also explains that one of his doctors made an error in diagnosing and treating his condition during the time he was applying for disability. (Doc. 8, pgs. 34-35). He attaches several different medical records ranging in dates from April 2014 through April 2016 (all which were issued after the ALJ's decision), in an attempt to demonstrate that the misdiagnosis was the reason his disability applications were denied. (Doc. 8, pgs. 24-33; 36-66).

**C. Analysis**

    *1.    Rule 8(a)*

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47. As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (2009).

In this case, although Plaintiff asserts that his applications were wrongfully decided

---

[1] A hearing on Plaintiff's applications for Disability Insurance Benefits and Supplemental Social Security Income was held in Fresno, California on March 12, 2015. (Doc. 8, pg. 20).

because his doctor misdiagnosed his condition, he has not identified any errors in the ALJ's decision given the information that the agency had at the time of his case.  Plaintiff also contends that his condition has gotten worse since his application was denied.  Plaintiff is advised that as a general rule, the Appeals Council and this Court may consider new evidence when reviewing the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision. *See*, 20 C.F.R. § 404.970(b); *Burnell v. Colvin*, 775 F. 3d 1133, 1136 (9th Cir. 2014) quoting *Brewes v. Commissioner of Social Sec. Admin*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").  Evidence obtained after the ALJ's decision which is not reviewed by the Appeals Council is generally not reviewable by this Court, unless the claimant can establish that it is material, and that there was good cause for the failure to submit the evidence into the record in the prior proceeding. *Brewes*, 682 F. 3d at 1164.  If Plaintiff wishes to pursue his claim in this Court, any pleading must identify specific errors in the ALJ's decision rather than making broad assertions or legal conclusions about the disability determination.  Moreover, if new medical records are attached, Plaintiff must explain how the medical records relate in time to the ALJ's decision.  If the records were not considered by the Appeals Council, Plaintiff must establish that the records are material and that good cause exists establishing why the records were not timely submitted.

### 2. **Plaintiff's Appeal May Be Time-Barred**

Additionally, it appears that the filing of Plaintiff's initial complaint in this Court is time-barred and consequently divests this Court of jurisdiction.  As Plaintiff was already advised in the last order (Doc. 6, pgs. 2-5), judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy**, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision** or within such further time as the Commissioner of Social Security may allow.

4

>(h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Section 405(g) and (h) therefore operates as a statute of limitations setting a sixty day time period in which a claimant may appeal a final decision of the Commissioner. As part of this process, Plaintiff must have exhausted his administrative remedies prior to filing a case in this Court. Specifically, upon receiving his denial from an administrative law judge, Plaintiff had sixty days to file an Appeal with the Appeals Council. 20 CFR §§ 404.967 and 404.968. When the Appeals Council reviews the case, it will either affirm, modify, or reject the ALJ's recommendation. 20 CFR § 404.979. It may also remand the case. 20 CFR § 404.977. The Appeals Council's decision is binding unless a party files an action in federal district court within sixty days of the Appeals Council's decision. 20 CFR §§ 422.210 and 404.981.

It appears that Plaintiff exhausted his administrative remedies. He submitted two Appeals Council's decisions dated December 3 and 15, 2015, denying his appeal.[2] (Doc. 8, pgs. 7 and 13). Both of the decisions advised Plaintiff that he had sixty days after receiving the decision to file an appeal. (Doc. 8, pgs. 9 and 15). The agency assumes the letter was received five days after the date on the order unless it is demonstrated that it was not received within the five day period. (Doc. 8, pgs. 9 and 15). Plaintiff did not file his complaint in this Court until May 10, 2016 (Doc. 1), which is well beyond sixty days from the latest Appeals Council order which is dated December 15, 2015. Based on the face of the documents, it appears that Plaintiff's appeal is untimely.

Plaintiff is advised that in certain rare circumstances, the doctrine of equitable tolling allows a plaintiff to avoid the statute of limitations. *Supermail Cargo Inc. v. United States*, 68 F.3d at 1206. "Generally, a litigant seeking equitable tolling bears the burden of establishing two

---

[2] In the December 15, 2015 decision, the Appeals Council set aside the December 3, 2015 decision after considering additional evidence. (Doc. 8, pg. 13). In both decisions, the Appeals Council found that the additional information Plaintiff submitted did not provide a basis for changing the ALJ's decision. (Doc. 8, pgs. 8 and 14).

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, ––– U.S. ––––, 132 S.Ct. 1414, 1419 (2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis omitted). Equitable tolling is only warranted where "litigants are unable to file timely documents as a result of external circumstances beyond their direct control." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)) (alterations and internal quotation marks omitted). "Generally, equitable circumstances that might toll a limitation period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988). For example, in *Bowen v. City of New York*, 476 U.S.467 (1986), the court applied equitable tolling because plaintiffs were prevented from filing because of "the Government's secretive conduct." *Bowen*, 476 U.S. at 467. Likewise, in *Vernon*, the court reasoned that equitable tolling was appropriate because the plaintiff had allegedly been told by an employee of the Social Security Administration that the deadline would be extended. *Vernon*, 811 F.2d at 1275. In contrast, in *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the court did not find equitable tolling applicable because the plaintiff was not "unusually disadvantaged in protecting his own interests" despite his being illiterate and unrepresented when he received the letter from the Appeals Council denying his benefits and informing him of his right to file a civil action. *Turner*, 862 F.2d at 709. Thus, equitable tolling only applies in very rare circumstances. If Plaintiff did not file his complaint within sixty days of receiving the last Appeals Council decision, he needs to articulate facts similar to those outlined above in order to establish equitable tolling applies and his that claim in not time barred.

Given the above, Plaintiff will be given a final opportunity to amend the FAC to establish that jurisdiction is proper. In any amended complaint, Plaintiff must establish that he filed this case within sixty days of receiving the Appeals Council denial of his benefits, or that equitable tolling applies to his case.

### III.    Conclusion and Order

As set forth above, Plaintiff's complaint does not state any claims upon which relief may be granted, and it appears the Court lacks jurisdiction to hear Plaintiff's case. However, if

1  Plaintiff believes that there are other facts that the Court should consider, he may file an Second
2  Amended Complaint no later than **December 30, 2016**.  If Plaintiff chooses to file a Second
3  Amended Complaint, he must establish that this Court has jurisdiction.  An amended complaint
4  must bear the docket number assigned in this case and be labeled "Second Amended Complaint."
5  As a general rule, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa*
6  *Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on
7  appeal). In other words, the Second Amended Complaint must be "complete in itself without
8  reference to the prior or superseded pleading." Local Rule 220.  If Plaintiff no longer wishes to
9  pursue his case after reviewing this order, he shall file a Notice of Voluntary Dismissal.

**Plaintiff is advised that failure to file a Second Amended Complaint by December 30, 2016 will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   **November 16, 2016**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE