UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY COLMENERO, | **16-cv-649 GSA** |
| Plaintiff, | |
| v. | |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | **ORDER TO SHOW CAUSE** |
| Defendant. | |

On May 16, 2016, *pro se* Plaintiff Ricky Colmenero ("Plaintiff") filed a complaint requesting a review of the Commissioner's denial of disability benefits. (Doc. 1). After the Court screened the pleading, Plaintiff filed two additional complaints. (Docs. 8 and 10). The second amended complaint was served on the Defendant on February 21, 2017. (Doc. 21). On April 7, 2017, the Court issued an order advising Plaintiff that he was required to serve a confidential letter brief on the Defendant thirty days after the filing of the administrative record. (Doc. 23). Defendant served the administrative record on June 15, 2017 (Doc. 24) requiring that the confidential letter brief be served on the Defendant no later than July 17, 2017. Moreover, if the case did not resolve, Plaintiff was required to file an Opening Brief ninety-five days (95) after the

1

filing of the administrative record, or by September 18, 2017. To date, Plaintiff has not filed a proof of service indicating that he served the confidential letter brief on Defendant, nor has he filed an Opening Brief. As such, it appears that Plaintiff has violated the order of this court. Accordingly, the Court orders that Plaintiff show cause why this case should not be dismissed for his failure to comply with this Court's orders, and for his failure to prosecute this case.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazal*i, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

Given the above, Plaintiff ORDERED *to file a written response* to this Order to Show

Cause no later than **November 3, 2017**, explaining why he has not served Defendant with the confidential letter brief, or filed an Opening Brief.

**Failure to respond to this Order to Show Cause within the time specified will result in dismissal of this action.**

IT IS SO ORDERED.

Dated: __October 5, 2017__         _____/s/ Gary S. Austin_____
                                   UNITED STATES MAGISTRATE JUDGE

3